IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHARLIE WARREN WILLIAMS, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| AHMED HOLT et al., | :: | CIVIL ACTION NO. |
| Defendants. | :: | 1:15-CV-2275-TWT-LTW |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff is confined at Phillips State Prison in Buford, Georgia (the "Prison"). Plaintiff, pro se, seeks relief under 42 U.S.C. § 1983 for Prison officials' alleged violation of his constitutional right to access the courts. (Doc. 1.) The Court granted Plaintiff leave to proceed *in forma pauperis* and now must screen his complaint.

Federal courts must screen a prisoner's complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts must dismiss a complaint if the alleged facts do not state a claim for relief that is plausible on its face. *Id.*; *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the

United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

Plaintiff alleges that he was working in the Prison law library on September 10, 2014, when all inmates had to leave the building for security reasons. (Doc. 1 at 3-5.) Plaintiff left in the library his personal property and legal files, which included documents from his criminal trial, his habeas corpus case, and a copy of a § 1983 complaint. (*Id.*) Prison officials would not let Plaintiff return to the library that day, but Defendant Campbell assured him that his legal files would be secured. (*Id.*) That night, Plaintiff was transferred to Augusta State Medical Prison for an appointment regarding surgery. (*Id.*)

Plaintiff returned to the Prison on September 18, 2014. (*Id.*) On September 22, 2014, Plaintiff went to the law library to see about his legal files and personal property and learned that those items had been lost. (*Id.*)

Plaintiff contends that Defendants confiscated or destroyed his legal files, thus violating his right under the First Amendment to the Constitution to access the courts. (*Id.*) Plaintiff seeks damages and a declaratory judgment. (*Id.* at 5-6.)

Prisoners have a constitutional right to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Al-Amin v. Smith*, 511 F.3d 1317, 1325 (11th Cir.


2008). That right requires only that prisoners be given "'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to . . . courts.'" *Lewis v. Casey*, 518 U.S. 343, 350-51, 367 (1996) (quoting *Bounds*, 430 U.S. at 825). Government action does not infringe the right to access the courts unless it "caused [the prisoner] 'actual injury' – that is, 'actual prejudice.'" *Id.* at 348. Such injury occurs only when government officials have "impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998); *see Harrison v. United States*, 577 F. App'x 911, 912-13 (11th Cir. 2014) ("[A] prisoner must show an actual injury . . . [to] a colorable underlying claim.").

Plaintiff's factual allegations do not state a viable claim that his right to access the courts has been violated. The allegations do not support a finding that Plaintiff's lost legal files were connected to a colorable post-conviction claim regarding his judgment of conviction or to a colorable civil claim. The allegations also do not support a finding that Plaintiff suffered actual harm to any such claim. While Plaintiff summarily alleged that the loss of his files "'Violated' [his] First Amendment right of access to the courts" and "caused an actual injury," (Doc. 1 at 4), a plausible claim for relief requires "more than labels and conclusions" or the "formulaic recitation of

the elements of a cause of action," *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009); *see Al-Amin*, 511 F.3d at 1332-33 (holding that district court should have dismissed access-to-courts claim because prisoner "has not alleged the requisite actual injury").

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**SO RECOMMENDED**, this 6 day of July, 2015.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE